1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
ss@sanjayschmidtlaw.com

**Tai C. Bogan (SBN 241784)**
**THE BOGAN LAW FIRM, PC**
615 13th Street, Suite A
Modesto, CA 95354
T: (209) 566-9591
F: (209) 566-9668
tai.bogan@theboganlawfirm.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| ALEX BARBOUR, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |
| vs. | |
| COUNTY OF STANISLAUS, a public entity; STANISLAUS COUNTY SHERIFF-CORONER ADAM CHRISTIANSON, individually; COUNTY OF STANISLAUS Sheriff's Deputy CHRISTOPHER HENDEE, individually; and DOES 1–40, Jointly and Severally, | |
| Defendants. | |

Plaintiff, ALEX BARBOUR, by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and the BOGAN LAW FIRM, PC, for his Complaint against Defendants, states as follows:

## JURISDICTION

1. This is a civil-rights action arising from the wrongful shooting, use of excessive force, and unlawful searches to which Plaintiff BARBOUR was subjected, on or about November 5, 2017, which occurred in Modesto, California.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this case is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth Amendment to the United States Constitution, as well as the laws and Constitution of the State of California.

3. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT TO FRESNO DIVISION

4. A substantial part of the events and/or omissions complained of herein occurred in the City of Modesto, County of Stanislaus, California, and, pursuant to Eastern District Civil Local Rule 120(d), this action is properly assigned to the Fresno Division of the United States District Court for the Eastern District of California.

## PARTIES AND PROCEDURE

5. Plaintiff ALEXANDER BARBOUR is a citizen of the United States, a competent adult, and a resident of the State of California.

6. Defendant STANISLAUS COUNTY ("COUNTY") is a public entity, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the Stanislaus County Sheriff's Department ("SCSD"), and is the employer of the individual COUNTY Defendants, as well as certain DOE Defendants. Under its authority, the COUNTY operates the SCSD.

7. Defendant ADAM CHRISTIANSON at all material times was employed as the Sheriff-

Coroner of the SCSD by Defendant COUNTY, and he was acting within the course and scope of that employment at all material times. As Sheriff-Coroner, Defendant CHRISTIANSON was a policy-making official for Defendant COUNTY with the power to make official and final policy for the SCSD, and was also a supervisor of the individual Defendants, including CHRISTOPHER HENDEE. Defendant CHRISTIANSON is being sued in his individual capacity.

8.   Defendant CHRISTOPHER HENDEE ("HENDEE") at all material times was employed as a law-enforcement officer by Defendant COUNTY's SCSD and was acting in the course and scope of that employment at all material times.

9.   The true names and capacities of Defendants sued herein as DOES 1–40 ("DOE Defendants") are unknown to Plaintiff BARBOUR, who therefore sues said Defendants by such fictitious names. Plaintiff BARBOUR will seek leave to amend this Complaint to show their true names and capacities when the same are ascertained.

10. DOE Defendants 1–20 were and/or are to-be-identified employees/agents of the COUNTY and/or the SCSD, and at all material times acted within the course and scope of that employment.

11. DOE Defendants 21-40 were and/or are and/or may be to-be-identified employees agents of another municipality or municipalities – or other, presently unknown entity – and at all material times acted within the course and scope of that employment.

12. Plaintiff BARBOUR is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff BARBOUR.

13. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

14.  Plaintiff BARBOUR is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL
Case No.

15. Plaintiff BARBOUR is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

16. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff BARBOUR's constitutional rights and other harm.

17.  The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the COUNTY and/or the SCSD.

18. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

19. Plaintiff BARBOUR timely and properly filed a government code claim, pursuant to California Government Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

20. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

21. Plaintiff BARBOUR realleges each and every paragraph in this Complaint, as though fully set forth here.

22. On November 5, 2017, on information and belief, at approximately 1:00 a.m., a call was apparently made to dispatch regarding a disturbance at Plaintiff's residence.

23. A short time thereafter, Plaintiff BARBOUR decided to leave for a while, and was in his vehicle and on his way to exit, when he saw the flashing lights of an SCSD vehicle that was parked outside of the gate to his driveway.

24. On November 5, 2017, at about 1:18 a.m., SCSD Deputies, including, but not limited to Defendant HENDEE and a to-be-identified DOE Defendant SCSD Deputy, had responded to 1709 Vivian Rd. in response to the above-referenced call. Defendant HENDEE and

another Deputy arrived outside of the driveway of Plaintiff's residence in their patrol car with the lights flashing.

25. Upon seeing the bright lights from the Deputies' patrol car that was parked outside of his driveway, Plaintiff BARBOUR stopped his vehicle, turned off his ignition, and then cooperatively alighted from his vehicle.

26. Plaintiff BARBOUR's hands were empty, and he had no weapons on him.

27. Defendant HENDEE, without any warning to Plaintiff and without issuing any commands or instructions, fired a gun shot at Plaintiff BARBOUR, striking him in the chest.

28. After being shot by Defendant HENDEE, Plaintiff BARBOUR fell to the ground.

29. The bullet fired by Defendant HENDEE missed Plaintiff BARBOUR's heart by inches, and broke two ribs before exiting beneath his armpit.

30. Plaintiff BARBOUR posed no significant or immediate threat of death or serious bodily injury to SCSD deputies or any other person at the time Defendant HENDEE shot him. Plaintiff BARBOUR had not done anything – nor had he failed to do anything – under the circumstances that a reasonable officer would perceive as posing an immediate threat that would justify the use of deadly force.

31. There was no immediate threat to the safety of anyone, and there was ample time for Defendant HENDEE to communicate and also to employ a variety of options other than lethal force.

32. Defendant HENDEE unlawfully seized and used excessive force against Plaintiff BARBOUR, including, but not limited to, firing a single, deliberate gunshot at Plaintiff BARBOUR without warning and without legal justification, causing great pain and suffering to Plaintiff BARBOUR.

33. The force from the bullet caused Plaintiff BARBOUR to fall to the ground, whereupon he became light-headed, and began to lose consciousness.

34. After being shot, Defendant HENDEE and/or DOE Defendants pressed their knees and body weight into Plaintiff BARBOUR while he lay bleeding, drifting into unconsciousness. Plaintiff lost consciousness and later woke up in the hospital.

35. Plaintiff was taken to the hospital and when he awakened, there was an SCSD Deputy

that apparently had remained in the hospital room with Plaintiff at his bedside, standing guard.

36. After wrongfully shooting Plaintiff, Defendant HENDEE and/or to-be-identified DOE Defendants unlawfully searched his vehicle, inter alia, and subsequently, Defendants also unlawfully seized – or caused to be seized – Plaintiff's vehicle, which was thereafter wrongfully held by the SCSD.

37. The above-described shooting by Defendant HENDEE of Plaintiff BARBOUR was his second shooting in three months; Defendant HENDEE shot an individual on August 5, 2017, too. According to an interview of Defendant ADAM CHRISTIANSON by the news media, Defendant HENDEE was not placed on administrative leave for either shooting.

38. On or about November 8, 2017, Defendant CHRISTIANSON was interviewed regarding the shooting of Plaintiff by HENDEE, and ratified – and expressed unwavering approval of – the shooting of Plaintiff by Defendant HENDEE, even before the investigation of the officer-involved shooting had been completed. Defendant CHRISTIANSON made statements attempting to absolve Defendant HENDEE of any responsibility for the shooting of Plaintiff, and publicly stating that Defendant HENDEE acted appropriately, despite the fact that CHRISTIANSON said the purported investigation into the shooting had not yet been concluded.

39. Indeed, Defendant CHRISTIANSON, in an interview after the shooting, refused to state what Defendant HENDEE contends – or what he (CHRISTIANSON) and by extension the SCSD contends – led HENDEE to shoot Plaintiff BARBOUR, "in order to protect the integrity of the on-going investigation." According to the news article in which he is quoted, Defendant CHRISTIANSON did, however, clearly say that such information would be made public once the investigation was completed; to date (well over a year after the shooting), no such information has been provided, however, to the public, to the media, or to Plaintiff's attorneys, who requested it more than once from the COUNTY, which requests were flatly denied.

40. An attorney from the COUNTY Counsel's Office was asked, on December 3, 2018, in writing 1) whether the investigation into the shooting of Plaintiff by Defendant HENDEE was complete and, if so, 2) whether the COUNTY intended to honor the representation by Defendant CHRISTIANSON that the details of what Defendant HENDEE and the SCSD contend led HENDEE to shoot Plaintiff BARBOUR "would be made public once the investigation was

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL
Case No.

6

completed"; the response by the COUNTY's legal representative was that yes, the investigation was complete, but no, contrary to CHRISTIANSON's statements to the media, no information related to the investigation would be released.

41. Furthermore, although Defendant CHRISTIANSON refused to state the facts upon which he was basing his opaque contention that Defendant HENDEE was justified in shooting Plaintiff, he did attempt to utilize the opportunity he was given in talking to the media to try to disparage Plaintiff by making <u>false</u> statements about Plaintiff. In an unabashed attempt to deflect attention away from his own department's inadequate policies, training, and supervision, as well as the excessive use of deadly force by his employee, Defendant HENDEE, Defendant CHRISTIANSON falsely and speciously stated that Plaintiff BARBOUR had "a history of domestic violence" (falsely implying that Plaintiff had criminal convictions for domestic violence) and had a "history of violating domestic violence restraining orders"; whereas, Defendant CHRISTIANSON either knew or reasonably should have known that these statements were deceptive and spurious. Assuming CHRISTIANSON was referring to an arrest on October 19, 2017 of Plaintiff for allegedly violating a temporary restraining order that had already been rescinded and was, thus, dissolved, Plaintiff was unequivocally innocent of that, and CHRISTIANSON knew or should have known that: the temporary restraining order he was arrested by COUNTY Deputies for violating had been <u>terminated</u>, on October 17, 2017, as confirmed by the court records. Indeed, CHRISTIANSON left out the following from his specious remarks to the media: the SCSD Deputy that had arrested Plaintiff, on October 19, 2017, one Deputy Victorino, had spoken with the party supposedly covered by the order in that case, and she had stated to him that she and Plaintiff BARBOUR had gone to court on the previous Tuesday, at which time the TRO had been "dropped", i.e., terminated/rescinded. On October 20, 2017, at the direction of a Sergeant from the SCSD, a Deputy completed an "849(b) form" for Plaintiff BARBOUR. An "849(b) form," on information and belief, is issued pursuant to California Penal Code § 849(b)(1), because there were "insufficient grounds for making a criminal complaint against the person arrested." Cal. Penal Code § 849(b)(1).

42. Defendant CHRISTIANSON, apparently, initially had no compunction about defending

his Deputy's shooting publicly – and making false statements about Plaintiff having violated restraining orders – but, when asked by the Modesto Bee about the shooting by Deputy HENDEE, on November 6, 2017, CHRISTIANSON responded by email that "commenting on an on-going criminal investigation is not appropriate."

43. Defendant CHRISTIANSON attempted to use the façade of an "ongoing investigation" as both a sword and a shield – attempting to create the impression that he was aware of facts justifying the shooting, and falsely characterizing the incident in which Plaintiff was unjustifiably shot by Defendant HENDEE as a "violent encounter" – but refusing to disclose those claimed facts.

44. Defendant CHRISTIANSON was Defendant HENDEE's supervisor, and his above-referenced statements are tantamount to and evidence of his ratification of Defendant HENDEE's shooting of Plaintiff; a supervisor's subsequent "ratification" of another's conduct can form the basis for supervisory liability. *Larez v. Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991) (holding statements to media by a police Chief relevant to the operation, custom, or policy of the Chief's department, or relevant to the Chief's ratification or condonation of the injurious acts, and thus relevant evidence on the issue of Chief's supervisorial liability, as well as the liability of the City).

45. The SCSD apparently forwarded the police report to the Stanislaus County District Attorney's Office, with the hopes that Plaintiff BARBOUR would be criminally charged, but Plaintiff was never charged by the District Attorney's Office with any crime.

46. Acting as integral participants, each with fundamental involvement in the violations of Plaintiff BARBOUR's rights described herein, Defendants subjected Plaintiff BARBOUR to an unconstitutional seizure and unconstitutional searches, followed by a deprivation of liberty and continuing seizure while he was in the hospital with a Deputy standing guard.

47. At all times during Plaintiff BARBOUR's contact with Defendants, Plaintiff BARBOUR behaved peacefully and lawfully.

48. At all material times, and alternatively, the actions and omissions of each Defendant were

intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff BARBOUR's rights, done with actual malice, recklessness, gross negligence, deliberate indifference, negligence, and/or were otherwise objectively unreasonable.

49. As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, Plaintiff BARBOUR sustained the following injuries and damages, past and future, including, but not limited to:

     a.     Hospital and medical expenses for past and future treatment;
     b.     Physical pain and suffering;
     c.     Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
     d.     Violations of – and deprivations of – state and federal constitutional rights;
     e.     All other legally cognizable special and general damages; and,
     f.     All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### (42 U.S.C. § 1983 – Fourth Amendment Violations)
#### PLAINTIFF AGAINST DEFENDANT HENDEE and DOES 1–40

50. Plaintiff BARBOUR re-alleges and incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth herein.

51. By the actions and omissions described above, Defendant HENDEE deprived Plaintiff of the following clearly established and well-settled constitutional rights, which are secured by the Fourth Amendment to the United States Constitution:

     a.     Plaintiff BARBOUR's right to be free from excessive and unreasonable force, as secured by the Fourth Amendment;

     b.     Plaintiff BARBOUR's right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment; and,

     c.     Plaintiff BARBOUR's right to be free from the use of unlawful deadly force, as secured by the Fourth Amendment.

52. Defendants subjected Plaintiff BARBOUR to their wrongful conduct, depriving Plaintiff

BARBOUR of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff BARBOUR would be violated by their acts and/or omissions.

53. The failure to intervene, prevent, or stop the constitutional violations on the part of other, individually named Defendant officers, and/or DOE Defendants, and/or supervisors, who were in a position to do so when such violations occurred, renders such Defendant(s) liable for these violations as integral participants.

54. Any to-be-identified supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

55. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff BARBOUR sustained injuries and damages as set forth in ¶ 49, above.

56. The conduct of Defendants HENDEE and DOES 1–40 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law. Plaintiff does not seek punitive damages directly against Defendant COUNTY.

57. Plaintiff BARBOUR is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and applicable California codes and laws.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Municipal and Supervisory Liability)**
**<u>PLAINTIFF AGAINST DEFENDANT COUNTY, CHRISTIANSON, and DOES 1–10</u>**

58. Plaintiff BARBOUR re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

59. The unconstitutional actions and/or omissions of Defendants HENDEE, DOES 1-20, and others employed by or acting on behalf of Defendant COUNTY, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SCSD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officials, including Defendant CHRISTIANSON, for Defendant COUNTY and the SCSD:

      a.      Tolerating the use of excessive and/or unjustified force;

b.      Tolerating unlawful searches and seizures;

c.      Tolerating the use of unlawful deadly force, including permitting and/or training officers: (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury; (ii) to use deadly force prematurely, or as a "first resort;" (iii) to use deadly force without giving a proper warning when one would be feasible; or, (iv) to recklessly draw a firearm and recklessly thereafter shoot;

d.      Ratifying or acquiescing in the excessive use of deadly force after-the-fact;

e.      Covering up violations of constitutional rights by any or all of the following:

     i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force and unlawful searches and seizures;

     ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law-enforcement conduct; and

     iii.  by allowing, tolerating, and/or encouraging law-enforcement officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct, by withholding and/or concealing material information;

f.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and SCSD personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

g.      To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 *et seq.*; and

h.      To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or to correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of Plaintiff BARBOUR and the public, in the face of an obvious need for such policies, procedures, and training programs.

60. In the alternative, upon information and belief, Defendants may have instituted

policies or training addressing some or all of the topics listed above, but have, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

61. Defendants COUNTY, CHRISTIANSON, and DOES 1–10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants HENDEE, DOES 1–20, and other SCSD personnel, with deliberate indifference to Plaintiff BARBOUR's constitutional rights, which were thereby violated as described above.

62. The unconstitutional actions and/or omissions of Defendants HENDEE, DOES 1–20, and other SCSD personnel, as described above, were approved, tolerated and/or ratified by supervisorial and policy-making officers for the SCSD, including Defendant CHRISTIANSON. Defendant CHRISTIANSON was Defendant HENDEE's supervisor, and his above-referenced statements to the media are tantamount to and evidence of his ratification of Defendant HENDEE's shooting of Plaintiff; a supervisor's subsequent "ratification" of another's conduct can form the basis for supervisory liability. *Larez v. Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991).

63. Plaintiff BARBOUR is informed and believes, and thereupon alleges, that the details of the incident in which he was shot by Defendant HENDEE, described above, have been revealed to the authorized policy makers within Defendant COUNTY and the SCSD, and that such policy makers have direct knowledge of the fact that it was an unconstitutional seizure of Plaintiff, which was followed by unlawful searches.

64.  Notwithstanding this knowledge, the authorized policy makers within Defendant COUNTY and the SCSD have approved of the conduct by Defendants HENDEE and DOES 1–20, and they have made a deliberate choice to endorse Defendants' unconstitutional conduct.

65. By so doing, the authorized policy makers within Defendant COUNTY and the SCSD have shown affirmative agreement with the individual Defendant officers' actions, and they have ratified the unconstitutional acts of Defendants HENDEE and DOES 1–20.

66.  The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of

wrongful conduct of Defendants HENDEE and DOES 1–20 were a moving force and/or a proximate cause of the deprivations of Plaintiff BARBOUR's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth in ¶¶ 58-65, above.

67. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendant COUNTY and DOES 1–10 as described above, Plaintiff BARBOUR suffered injuries, constitutional violations, liberty deprivations, and incurred damages, and thus, he is entitled to damages, penalties, costs, and attorneys' fees, as set forth above, in ¶ 49, and he is entitled to punitive damages against the to-be-identified policy maker and/or supervisorial Defendants in their individual capacities.

### THIRD CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)
### PLAINTIFF AGAINST DEFENDANTS HENDEE, DOES 1–40, and COUNTY

68. Plaintiff BARBOUR re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

69. By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and violated Plaintiff BARBOUR's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

    a. Plaintiff BARBOUR's right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

    b. Plaintiff BARBOUR's right to be free from excessive and unreasonable force, including deadly force, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

    c. Plaintiff's rights to be free from an unreasonable seizure and his right not to be deprived of liberty or property without due process of law, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7 and 13;

    d. Plaintiff BARBOUR's right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety,

happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

    e.   Plaintiff BARBOUR's right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

70. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff BARBOUR's rights, Defendants violated Plaintiff BARBOUR's rights by the following conduct constituting threats, intimidation, or coercion:

    a.   Causing Plaintiff BARBOUR to be wrongfully shot;

    b.   Wrongfully searching Plaintiff's vehicle, inter alia; and,

    c.   Intimidatingly holding Plaintiff in constructive custody at the hospital – with a SCSD Deputy standing guard at Plaintiff's bedside – after shooting him.

71. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Plaintiff BARBOUR's rights, or to any legitimate law enforcement activity.

72. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

73. Defendant COUNTY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

74. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above in ¶ 49, and to punitive damages against Defendants HENDEE and DOES 1–40 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against Defendant COUNTY directly.

//

**FOURTH CAUSE OF ACTION**
**(CAL. CONST., ART. I, § 13)**
**PLAINTIFF AGAINST DEFENDANTS HENDEE, DOES 1–40, and COUNTY**

75. Plaintiff BARBOUR re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

76. The unreasonable seizure, unreasonable searches, and/or the wrongful setting into motion of the chain of events that led to the seizure of Plaintiff BARBOUR, and the unlawful searches that followed, violated Plaintiff BARBOUR's rights under Article I, § 13 of the California Constitution, thereby entitling Plaintiff to damages.

77. Defendant COUNTY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

78. As a proximate result of the foregoing wrongful acts, Plaintiff BARBOUR sustained injuries and damages, as set forth above, in ¶ 49. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

79. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff BARBOUR, and by reason thereof, Plaintiff BARBOUR is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the COUNTY directly.

**FIFTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

80. Plaintiff BARBOUR re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

81. At all material times, each Defendant owed Plaintiff BARBOUR the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

82. At all material times, each Defendant owed Plaintiff BARBOUR the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiff BARBOUR by all Defendants include, but are not limited to, the following specific obligations:

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**
Case No.

15

a.   To refrain from using excessive and/or unreasonable force against Plaintiff BARBOUR;

b.   To refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

c.   To refrain from abusing their authority granted them by law;

d.   To refrain from violating Plaintiff BARBOUR's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

83. Additionally, these general duties of reasonable care and due care owed to Plaintiff GUTIERREZ by Defendants CHRISTIANSON, COUNTY, and DOES 1–10, include, but are not limited to, the following specific obligations:

a.   To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b.   To make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiff BARBOUR's rights; and,

c.   To refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at ¶¶ 58-65, above.

84. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff BARBOUR.

85. Defendant COUNTY is vicariously liable, pursuant to California Government Code § 815.2.

86. As a direct and proximate result of the Defendants' negligence, Plaintiff BARBOUR sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 49, and to punitive damages against Defendants. No punitive damages are sought against the COUNTY directly.

//

//

//

//

### NINTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)
### <u>PLAINTIFF AGAINST DEFENDANT HENDEE, DOES 1-10, and COUNTY</u>

87. Plaintiff BARBOUR re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

88. The actions and omissions of Defendants HENDEE and DOES 1–20, as set forth above, constitute assault and battery. Defendant COUNTY is vicariously liable pursuant to California Government Code § 815.2

89. As a direct and proximate result of Defendants' assault and battery of Plaintiff BARBOUR, Plaintiff sustained injuries and damages, and he is entitled to relief as set forth above, in ¶ 49, and to punitive damages against the individual Defendants. No punitive damages are sought against the COUNTY directly.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff BARBOUR respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.    Compensatory damages in an amount according to proof and which is fair, just and reasonable;

    b.    Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant COUNTY);

    c.    For attorney's fees and costs of suit under 42 U.S.C. § 1988;

    d.    For attorney's fees and costs of suit under California Civil Code §§ 52 (b)(3) and 52.1(h);

    e.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Code of Civil Procedure § 1021.5, California Civil Code §§ 52 et seq. and 52.1, and as otherwise may be allowed by California and/or federal law;

    f.    Injunctive relief, including, but not limited to, the following:

        i.    An order prohibiting Defendant COUNTY and its law enforcement officers from engaging in the unconstitutional customs, policies,

practices, training, and supervision as may be determined and/or adjudged by this case; and,

g.      For such other and further relief as this Court may deem appropriate, just, or proper.

### JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims for which a jury is permitted.

Dated: December 13, 2018                     Respectfully Submitted,
                                             **LAW OFFICE OF SANJAY S. SCHMIDT**
                                             -and-
                                             **THE BOGAN LAW FIRM, PC**


                                             */s/ Sanjay S. Schmidt*
                                             SANJAY S. SCHMIDT
                                             Attorneys for Plaintiff