**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
e-mail: ss@sanjayschmidtlaw.com

**Tai C. Bogan (SBN 241784)**
**THE BOGAN LAW FIRM, PC**
615 13th Street, Suite A
Modesto, CA 95354
T: (209) 566-9591
F: (209) 566-9668
tai.bogan@theboganlawfirm.com

*Attorneys for Plaintiff*,
ALEX BARBOUR

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX BARBOUR, | Case No. 1:18-cv-01702-DAD-EPG |
| Plaintiff, | **STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER** |
| vs. | |
| COUNTY OF STANISLAUS, a public entity; STANISLAUS COUNTY SHERIFF-CORONER ADAM CHRISTIANSON, individually; COUNTY OF STANISLAUS Sheriff's Deputy CHRISTOPHER HENDEE, individually; and DOES 1–40, Jointly and Severally, | (ECF Nos. 9, 15) |
| Defendants. | |

The parties, by and through their counsel of record, stipulate and hereby respectfully move this court to modify its March 28, 2019, Scheduling Order (ECF No. 9) to extend discovery and pretrial deadlines in this action as set forth in the following chart. This stipulation

will not modify or otherwise impact the pretrial conference or trial date. The parties propose the following amended dates and deadlines (or as soon thereafter that the Court is available):

| Event | Current date | Proposed Date or Deadline |
|---|---|---|
| Nonexpert Discovery Cut-off | February 7, 2020 | April 17, 2020 |
| Expert Disclosure Deadline | March 6, 2020 | May 15, 2020 |
| Rebuttal Expert Disclosure Deadline | April 3, 2020 | June 12, 2020 |
| Expert Discovery Cut-off | May 1, 2020 | July 10, 2020 |
| Dispositive Motions filing deadline | June 15, 2020 | July 27, 2020 |

The Pretrial Conference and Jury Trial dates of October 13, 2020 and December 8, 2020, respectively, would remain as set.

Good cause exists to grant the requested extension for the following reasons, among others, which counsel can elaborate on further, if necessary:

1. This is a civil rights case arising from the shooting of Plaintiff Alex Barbour and searches to which the Plaintiff was subjected, by Defendant Christopher Hendee, which occurred on November 5, 2017. There are disputed factual and legal issues, which will require depositions of the parties, some percipient witnesses, and potentially. The parties are attempting to the extent possible to phase the discovery, to allow for meaningful settlement discussions to occur when the case is ripe for such discussions, but before the substantial expenditures of costs and time that will be made before trial have occurred. There is key discovery that must be completed before the parties can meaningfully participate in ADR, and then there is additional discovery that will be required for trial preparation.

2. The parties so far have exchanged one round of written discovery. Plaintiff's counsel is presently unable to view some of the recorded interviews of Defendant Hendee and others, but is working with defense counsel to identify what software is needed, and is

attempting to obtain this software, so that the videos can hopefully be viewed. The Plaintiff has produced all of his incident-related medical records and billing. The Plaintiff was deposed, on January 10, 2020.

3. There are witnesses that were involved in the events that preceded the shooting of Plaintiff, which the undersigned counsel planned to depose, but depositions of these witnesses have not yet been possible. Two witnesses were subpoenaed by the defense, but Plaintiff's counsel was not available on the date on which the depositions were set due to unforeseen circumstances out of their control that arose. Another individual, the individual that made the call that prompted law enforcement to respond to Plaintiff's residence, is likely in-custody in state prison, and may need to be deposed in custody, if the parties decide his deposition is needed. The depositions of Defendant Christopher Hendee and Deputy Michael Sierra (who was present at the time of the shooting) still need to be scheduled, and will be set very soon, to be held in February. Counsel for the parties have agreed to possibly hold off on the deposition of former Sheriff Adam Christianson, until after a mediation is held, since Defendant Christianson currently resides out of state.

4. At the time the current schedule was crafted and submitted, the undersigned counsel for Plaintiff was of the understanding that some extra time was "baked" into the schedule, to allow for the possibility that some of the deadlines would need to be extended without impacting the pretrial conference and jury trial dates; that eventuality has come to fruition.

5. While all parties have agreed that the proposed modifications will allow the parties additional time to adequately prepare for and ensure meaningful settlement discussions, the parties are mindful of the overcrowded Eastern District of California docket and the demands placed on Eastern District magistrate judges. To ease some of those constraints and to facilitate a full-day, robust settlement discussion, the parties believe that this case is best suited to be resolved in private mediation. One potential mediator that the parties

are considering is Judge Raul Ramirez (Ret.), who has experience in similar matters. Whether he or another mediator is selected, the parties plan to obtain a date on which the mediator will be available to mediate this case soon, which will be for a time shortly after key discovery has concluded.

6. If ADR efforts are unsuccessful, Plaintiff anticipates the following additional work is needed to properly prepare for trial: depositions of certain of the 25 individuals listed in the Defendants' Rule 26(a)(1) disclosures that are Stanislaus County employees, depositions of certain of the 11 individuals listed in the Defendants' Rule 26(a)(1) disclosures that are not Stanislaus County employees, the depositions of Stanislaus County Sheriff Adam Christianson, possibly the deposition of Modesto Police Chief Galen Carroll or other supervisors from the Modesto Police Department (Defendant Hendee's former employer), multiple Persons Most Knowledgeable concerning Stanislaus County's policies and procedures, various experts, and possibly damages witnesses.

For the foregoing reasons, the parties respectfully request that this Court enter an order extending the schedule in this case as set forth in the chart above.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: January 24, 2020     **LAW OFFICE OF SANJAY S. SCHMIDT**
                            -and-
                            **THE BOGAN LAW FIRM, PC**


                            */s/ Sanjay S. Schmidt*
                            By: SANJAY S. SCHMIDT
                            Attorneys for Plaintiff

Dated: January 24, 2020     **DAN FARRAR, Attorney at Law**


                            */s/ Dan Farrar* (authorized 01-23-2020)
                            By: DAN FARRAR
                            Attorney for Defendants

## ORDER

Pursuant to the stipulation of the parties (ECF No. 15) and finding that good cause exists, the Court grants the request to modify the Scheduling Order (ECF No. 9) as follows:

| Event | Current Date or Deadline | New Date or Deadline |
| --- | --- | --- |
| Nonexpert Discovery Cut-off | February 7, 2020 | April 17, 2020 |
| Expert Disclosure | March 6, 2020 | May 15, 2020 |
| Rebuttal Expert Disclosure | April 3, 2020 | June 12, 2020 |
| Expert Discovery Cut-off | May 1, 2020 | July 10, 2020 |
| Dispositive Motions | June 15, 2020 | July 27, 2020 |
| Pretrial Conference | October 13, 2020, 1:30 p.m. | October 13, 2020, 1:30 p.m. |
| Jury Trial | December 8, 2020, 8:30 a.m. | December 8, 2020, 8:30 a.m. |

IT IS SO ORDERED.

Dated: **January 24, 2020**          /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE